UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN GREER,

    Petitioner,

    v.      CAUSE NO. 3:24-CV-982 DRL-SJF

WARDEN,

    Respondent.

OPINION AND ORDER

Brian Greer, a prisoner without a lawyer, filed a habeas petition challenging a disciplinary decision (NCF 24-1-22) at the New Castle Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of improper placement of fecal matter under Indiana Department of Correction Offense 123. He was sanctioned with a loss of ninety days credit time, but the sanction was suspended and can no longer be imposed. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). No sanction affecting the duration Mr. Greer's sentence, such as a loss of earned credit time or a credit class demotion, was imposed. Mr. Greer also requests reinstatement of employment, backpay, and a transfer to another facility, but he cannot obtain such relief in a habeas case. *See Preiser v. Rodriguez*, 411 U.S. 475, 494

(1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000) ("Mr. DeWalt does not challenge the fact or duration of his confinement, but only a condition of his confinement—the loss of his prison job. Consequently, under our precedent, Mr. DeWalt may not pursue a habeas action."); *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) ("State prisoners who want to raise a constitutional challenge to any other decision, such as [a] transfer to a new prison . . . must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all."). Because Mr. Greer's claims do not relate to the fact or duration of his sentence, the court cannot grant him habeas relief.

If Mr. Greer wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Brian Greer leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

December 19, 2024                             *s/ Damon R. Leichty*
                                              Judge, United States District Court